# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| COREY ANTWAN WOMBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CR173-1 |
| | ) | 1:14CV22 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 37), as well as for disposition of his Motion Asking for Court Appointed Counsel (Docket Entry 44).[1] For the reasons that follow, the latter Motion will be denied and the Section 2255 Motion should be denied.

## INTRODUCTION

This Court (per United States District Judge Catherine C. Eagles) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 57 months, as a result of his guilty plea to possessing cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 32; see also

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Docket Entry 10 (Superseding Indictment); Docket Entry 14 (Plea Agreement); Docket Entry dated Aug. 6, 2012 (documenting guilty plea); Docket Entry dated Jan. 4, 2013 (documenting sentencing); Docket Entry 20 (Plea Hrg. Tr.).) Petitioner did not appeal. (See Docket Entry 37, ¶ 8; see also Docket Entries dated Jan. 4, 2013, to present.) He did, however, timely file his instant Section 2255 Motion. (Docket Entry 37.) The United States responded (Docket Entry 41) and Petitioner replied (Docket Entry 45).[2]

---

[2] Petitioner labeled his above-referenced filing a "Traverse to Government's Response to Motion under 28 U.S.C. 2255." (See Docket Entry 45 at 1.) He previously had filed a document entitled "Time Extension to file Reply Brief" which the Clerk mistakenly docketed as the "Reply to [the] Response to [Petitioner's Section 2255 Motion]." (Docket Entry 43.) Due to that docketing error, the Court never formally extended Petitioner's reply deadline, but now remedies that technical oversight by accepting his "Traverse" (and its attachments (Docket Entry 45-1 ("Affidavit of [Petitioner]"); Docket Entry 45-2 (copy of "Letter Motion for Suppression Hearing" (Docket Entry 15)); and Docket Entry 45-3 ("Arrest Report" for Petitioner dated Jan. 19, 2012))) as a timely reply. At the same time Petitioner filed his "Traverse," he also filed his instant Motion Asking for Court Appointed Counsel. (Docket Entry 44.) Said Motion identifies two bases for appointment of counsel: (1) Petitioner's failure to "receive[] a response to [his 'Time Extension to file Reply Brief']" (id. at 1); and (2) Petitioner's ongoing "attempt[s] to obtain much needed discovery materials, and transcripts to help with [his] traverse" (id.). That first reason provides no basis for appointment of counsel because the Court now effectively has granted the requested extension by accepting Petitioner's "Traverse" as timely filed. The second rationale similarly falls short, because Petitioner successfully has filed his "Traverse" (Docket Entry 45) and has failed to show what additional materials he seeks or how they would have improved his "Traverse" (see Docket Entry 44 at 1). Accordingly, the Court will not appoint counsel for Petitioner.

2

DISCUSSION

Petitioner's Section 2255 Motion asserts these five grounds:

1) "Appointed Counsel gave [Petitioner] false and erroneous information, coercing and inducing [Petitioner] to plead guilty" (Docket Entry 37, ¶ 12(Ground One));

2) "Appointed Counsel [] failed to perform a Constitutionally valid investigation of the search warrant and veracity of search warrant application" (id., ¶ 12(Ground Two));

3) "Appointed Counsel [] failed to object to or challenge a vindictive [S]uperseding [I]ndictment" (id., ¶ 12(Ground Three));

4) "Appointed Counsel never objected [to] the fact that fabricated evidence had been presented to the Grand Jury surrounding probable cause for the search warrant" (id., ¶ 12(Ground Four)); and

5) "[Petitioner] was improperly enhanced for maintaining a house . . . [but his] sentencing counsel misunderstood the nature and elements of the enhancement and gave [him] advice not to object to the enhancement, which should have been objected to because none of the elements of the enhancement were proven" (id., attach. p. 3 (text appearing below heading "Ground Five").[3]

---

[3] Petitioner's Section 2255 consists of a pre-printed form, supplemented with three attached pages in which he continues his presentation of supporting facts as to Grounds One through Three and sets forth the entirety of Ground Five. (See Docket Entry 37.)

3

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To make out an ineffective assistance claim, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take an action where] . . . it would have been futile for counsel to have done so . . . .").

### Grounds One and Two:  Ineffective Assistance of Counsel as to Guilty Plea/Suppression Motion

Both in writing (see Docket Entry 14) and via a personal colloquy with the Court that fully complied with Federal Rule of Criminal Procedure 11(b) (see Docket Entry 20 at 5-23), Petitioner pleaded guilty to Counts Three and Six of his Superseding Indictment, which charged him with two offenses committed on January 19, 2012, i.e., possessing 16.9 grams of cocaine base with intent to distribute and possessing a Charles Daly .45 caliber

4

handgun while a felon (see Docket Entry 10 at 2, 3-4). Petitioner's Plea Agreement expressly documents, inter alia, his desire to "enter a voluntary plea of guilty to Counts Three and Six of the Superseding Indictment" (Docket Entry 14, ¶ 2) and his recognition that, "[b]y voluntarily pleading guilty to Counts Three and Six of the Superseding Indictment . . ., [he] knowingly waive[d] and g[a]ve[] up his constitutional rights to plead not guilty . . . and other constitutional rights which attend a defendant on trial in a criminal case" (id., ¶ 3). Moreover, during his colloquy with the Court, Petitioner confirmed under oath, inter alia, that:

1) he had "<u>fully</u> discussed the charges with [his counsel]" (Docket Entry 20 at 7 (emphasis added));

2) he had "talked to [his counsel] about [his] situation, the evidence against [him], and <u>any</u> defenses [he] might have" (id. (emphasis added));

3) he was "satisfied with his [counsel's] services and representation" (id.);

4) no one had "attempted to force [him] to plead guilty against [his] wishes" (id. at 10);

5) he understood that his guilty plea "admitt[ed] the elements charged in each of those two offenses" (id. at 21);

6) he was "pleading guilty because [he was] in fact guilty" (id.); and

5

7) he did not "have <u>any</u> questions for [the Court], <u>any</u> concerns, <u>any</u> issues" (<u>id.</u> at 23 (emphasis added)).

In Ground One, Petitioner has asserted that his counsel's "representation fell below constitutional standards, giving [Petitioner] false and erroneous information, coercing and inducing [him] to plead guilty." (Docket Entry 37, ¶ 12(Ground One)(a).) More specifically, Ground One contends that Petitioner's counsel provided bad advice about the prospects of a motion to suppress evidence which law enforcement officials seized pursuant to a search warrant. (<u>See</u> <u>id.</u>; <u>see also</u> Docket Entry 8 at 1-2 (reciting in Factual Basis that: "[O]n January 19, 2012, at 10:20 a.m., detectives executed a search warrant at 307 Pine Street. When detectives entered they found [Petitioner] and another individual inside the residence. Recovered from a bedroom later determined to belong to [Petitioner] was . . . a Charles Daly .45 caliber handgun . . . [and] 16.9 grams (net weight) of cocaine base . . . . After being advised of and waiving his <u>Miranda</u> rights, [Petitioner] admitted ownership of the cocaine base recovered from the residence. [He] acknowledged that the firearm was present in the residence, but claimed that the weapon belonged to someone who had left it there from a visit the previous day."); Docket Entry 41 at 5 ("Although [Petitioner] does not indicate which search warrant should have been challenged, presumably he is referring to the one issued for 307 Pine Street since the items in Counts Three and Six

6

to which he pled guilty were found there.").) Ground Two presents the same basic claim. (See Docket Entry 37, ¶ 12(Ground Two)(a).)

The express terms of Petitioner's Plea Agreement and his sworn admissions during his guilty plea hearing defeat Grounds One and Two as a matter of law. Simply put, "[a] defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal brackets, citations, ellipses, and quotation marks omitted); see also Haring v. Prosise, 462 U.S. 306, 320 (1983) ("[A] guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment."). "Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements." Lemaster, 403 F.3d at 221-22.

Petitioner has shown no such extraordinary circumstances; to the contrary, his attack in Grounds One and Two relies on an entirely false premise, i.e., that, in connection with the search at issue, "[t]he affiant blatantly lied and deliberately mislead [sic] the magistrate judge stating in [the] search warrant

application that a controlled buy <u>was captured on audio/video</u> with [Petitioner] involved in a narcotic transaction at the residence to be searched" (Docket Entry 37, ¶ 12(Ground One)(a) (emphasis added); <u>accord</u> <u>id.</u>, ¶ 12(Ground Two)(a) ("A proper investigation of the search warrant would have recovered [sic] that the affiant blatantly with reckless disregard for the truth mislead [sic] the issuing Judge stating on the search warrant application that a controlled buy involving [Petitioner was] captured on audio/video [which] was a completly [sic] false statement, stated with reckless disregard for the truth.")).  (<u>See</u> Docket Entry 41-1 at 3-7 (attaching copy of affidavit in question, which contains <u>no</u> representation that controlled buy "was captured on audio/video").) Because Petitioner's theory for challenging the search warrant lacked any basis, any such challenge to the search warrant would have failed; therefore, any failure by Petitioner's counsel to pursue such a challenge (or to advise Petitioner about doing so) did not qualify as professionally unreasonable and did not prejudice Petitioner.  <u>See</u> <u>Oken</u>, 220 F.3d at 269.[4]

---

[4] To the extent Petitioner sought in reply to identify different defects in the search warrant application that his counsel allegedly should have raised (<u>see</u> Docket Entry 45 at 3-5), that effort also falls short.  First, "[m]embers of this Court . . . have consistently held that reply briefs may not inject new grounds . . . ." <u>Tyndall v. Maynor</u>, 288 F.R.D. 103, 108 (M.D.N.C. 2013) (internal brackets and ellipses omitted); <u>see also</u> <u>White v. Keller</u>, No. 1:10CV841, 2013 WL 791008, at *3 (M.D.N.C. Mar. 4, 2013) (unpublished) (collecting cases establishing that, "when a
(continued...)

Under these circumstances, Grounds One and Two provide Petitioner no basis for relief.

### Ground Three: Ineffective Assistance of Counsel as to Vindictive Superseding Indictment

Ground Three of Petitioner's Section 2255 Motion complains that his "[a]ppointed [c]ounsel [] failed to object to or challenge a vindictive [S]uperseding [I]ndictment . . . ." (Docket Entry 37, ¶ 12(Ground Three).) This claim relies on Petitioner's assertion that the United States acted unlawfully by obtaining a Superseding Indictment which included additional charges, after he failed to complete a guilty plea colloquy scheduled as to his original Indictment (Docket Entry 1). (See Docket Entry 37, ¶ 12(Ground

---

⁴(...continued)
habeas petitioner has not moved to amend his petition, the Court will not consider any allegations or arguments stemming from [a] new claim" (internal quotation marks omitted)). Further, any suppression motion would have failed because the affidavit at issue does not appear so facially lacking in probable cause as to render inapplicable the good-faith exception recognized in United States v. Leon, 468 U.S. 897 (1984). (See Docket Entry 41-1 at 3-7.) The futility of bringing such a motion precludes any related ineffective assistance of counsel claim. See Oken, 220 F.3d at 269. Finally, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has made no such showing. (See Docket Entry 37, ¶ 12(Ground One)(a) & (Ground Two)(a); Docket Entry 45.) In other words, Petitioner "has failed to plausibly allege that he would not have pleaded guilty but for counsel's alleged failure to seek to suppress [evidence seized pursuant to the search warrant]. Thus, [Petitioner] has failed to plausibly allege prejudice." Davis v. United States, Nos. 5:12CR65D, 5:13CV751D, 2014 WL 3738167, at *3 (E.D.N.C. July 29, 2014) (unpublished) (internal citation omitted).

9

Three)(a); see also Docket Entry dated June 8, 2012 (describing aborted "Docket Call for Change of Plea").) Assuming (for present purposes only) that Petitioner's counsel could have challenged the Superseding Indictment as vindictive (but see Docket Entry 41-3, ¶ 22 (documenting sworn statement by Petitioner's counsel that he did not believe law permitted vindictive prosecution motion where prosecutors "had facts to show they were acting in good faith, which they did appear to have in this case" and that he "did not see any evidence of the [p]rosecutor's discretion being abused")), Petitioner cannot show prejudice (as required by Strickland) attributable to the decision of his counsel to refrain from launching such a challenge, because (as the United States has observed) Petitioner "ultimately was allowed to plead guilty under the terms of his first plea agreement and to counts from the original [I]ndictment" (Docket Entry 41 at 12; compare Docket Entry 1 (Indictment), and Docket Entry 9 (Plea Agreement as to Indictment), with Docket Entry 10 (Superseding Indictment), and Docket Entry 14 (Plea Agreement as to Superseding Indictment)).[5]

---

[5] Petitioner's "Traverse" asserts that, "[e]ven though the government decided to let [him] to plea [sic] to the original charges of the original [I]ndictment, he was still prejudiced because he was enhanced two points for violating 21 U.S.C. 856(a) and (B) even though the charge was dismissed, and if the government would have never pursued the vindictive Superseding Indictment he would have never been enhanced which is completly [sic] prejudicial." (Docket Entry 45 at 2.) This contention lacks merit because the presence (or absence) of a formal charge does not
(continued...)

10

Ground Three of Petitioner's Section 2255 Motion thus fails as a matter of law.

### Ground Four: Ineffective Assistance of Counsel as to Fabricated Evidence before the Grand Jury

In Ground Four of his Section 2255 Motion, Petitioner has claimed ineffective assistance due to his counsel's failure to raise "the fact that fabricated evidence had been presented to the Grand Jury surrounding probable cause for the search warrant." (Docket Entry 37, ¶ 12(Ground Four).) The only concrete example offered to support Ground Four[6] appears as follows: "officers stat[ed] there was a controlled buy captured on audio/video that involved [Petitioner]" (id., ¶ 12(Ground Four)(a)). As detailed above in regards to Grounds One and Two, no such statement appears in the affidavit submitted to obtain the search warrant (the

---

[5](...continued)
affect the applicability of specific offense characteristics under the Sentencing Guidelines. See U.S.S.G. § 1B1.3, cmt. Background ("Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."); see also U.S.S.G. § 2D1.1(b)(12) ("If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels."); U.S.S.G. § 2D1.1 cmt. n.17 (explaining standard for application of Section 2D1.1(b)(12) increase without reference to existence of formal charge).

[6] "Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief." Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)).

execution of which resulted in the seizure of the cocaine base and firearm that Petitioner ultimately pleaded guilty to possessing). Petitioner has cited no basis in the record to conclude that the Grand Jury otherwise received false testimony about audio/video evidence (or about any other subject). (See id.; Docket Entry 45 at 2-3.)[7] Further, Petitioner's counsel has averred that he "did not receive any information during the course of [his] representation with [Petitioner] which would make [him] suspicious that there was enough evidence for such a motion [alleging that the Grand Jury received false evidence]." (Docket Entry 41-3, ¶ 23.) Under such circumstances, Petitioner has failed to make out either the performance or prejudice prong of Strickland.

---

[7] Petitioner's "Traverse" effectively abandons any claim of perjury before the Grand Jury and focuses instead on the supposedly false search warrant affidavit and a separate affidavit allegedly fabricated for sentencing purposes. (See Docket Entry 45 at 2-3.) For reasons discussed in connection with Grounds One and Two, the record does not support a finding of falsity as to the search warrant affidavit. Nor may Petitioner use his "Traverse" to open a new line of attack regarding an affidavit related to sentencing. See Tyndall v. Maynor, 288 F.R.D. 103, 108 (M.D.N.C. 2013) ("Members of this Court . . . have consistently held that reply briefs may not inject new grounds . . . ." (internal brackets and ellipses omitted)); see also White v. Keller, No. 1:10CV841, 2013 WL 791008, at *3 (M.D.N.C. Mar. 4, 2013) (unpublished) (collecting cases establishing that, "when a habeas petitioner has not moved to amend his petition, the Court will not consider any allegations or arguments stemming from [a] new claim" (internal quotation marks omitted)). Even if Petitioner had properly presented such a claim, it would have failed as a matter of law because he has acknowledged that the affidavit at issue ultimately did not affect the sentencing process. (See Docket Entry 45 at 2-3.)

Moreover, (again, as shown in the prior discussion of Grounds One and Two) Petitioner entered a voluntary and knowing guilty plea pursuant to a written Plea Agreement and a properly-conducted judicial colloquy, during which he swore, inter alia, to his satisfaction with his counsel despite then-knowing that his counsel had not raised any objection to the grand jury proceedings. That consideration also dooms Ground Four, as well-explained by another court in this Circuit in relation to an analogous claim:

> If Petitioner honestly believed that the indictment was based upon the lies of [law enforcement officers], he was entitled to a trial, where he could have tested the merits of such an argument and the credibility of his accusers. Petitioner's plea acts as an acceptance of their credibility, and collateral review of the matter is simply an inappropriate forum to review Petitioner's willing acceptance of the charges.

Stroupe v. United States, 664 F. Supp. 2d 598, 608 (D.S.C. 2009); see also Tollett v. Henderson, 411 U.S. 258, 267-68 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [range of competence demanded of attorneys in criminal

13

cases]. A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . ."); United States v. Ochsner, Crim. No. 89-220, 1992 WL 6279, at *1 (E.D. La. Jan. 6, 1992) (unpublished) ("[The petitioner's] guilty plea waived his claim of perjured testimony before the grand jury. [He] cannot, after entering a guilty plea, challenge the evidence upon which the indictment against him rested. As reflected by the guilty plea transcript [the petitioner] voluntarily admitted his guilt. His claims based on falsified information must fail." (internal citations omitted)).

In sum, Ground Four lacks merit.

### Ground Five: Ineffective Assistance of Counsel as to Sentencing Enhancement

Ground Five of Petitioner's Section 2255 Motion asserts that "[Petitioner] was improperly enhanced for maintaining a house . . . [but his] sentencing counsel misunderstood the nature and elements of the enhancement and gave [him] advice not to object to the enhancement, which should have been objected to because none of the elements of the enhancement were proven." (Docket Entry 37, attach. p. 3.) Petitioner, however, has offered no factual support for this claim. (See, e.g., id.; Docket Entry 45.) "Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief." Whitley v. United States, Nos. 1:03CR445, 1:12CV67,

2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)). Accordingly, Ground Five fails as a matter of law.

<u>CONCLUSION</u>

Petitioner has not established a basis for appointment of counsel or for relief under Section 2255.

**IT IS THEREFORE ORDERED** that Petitioner's Motion Asking for Court Appointed Counsel (Docket Entry 44) is **DENIED**.

**IT IS RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 37) be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 7, 2015